IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOEL C. GUZEK,

        Plaintiff,        3:11-cv-00749-AA

        v.                      ORDER

AARON FELTON,

        Defendant.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983, alleging that defendant, in his official capacity of chairperson of the Oregon Board of Parole and Post-Prison Supervision ("the Parole Board"), violated plaintiff's right not to be subject under Art. I, section 10 of the Constitution not to be subject to *ex post facto* laws and plaintiff's right to due process under the Fourteenth Amendment. Plaintiff

1 - ORDER

seeks a declaratory judgment and injunctive relief.

Defendant now moves for summary judgment on various grounds. Motion for Summary Judgment (#60).

The relevant facts are as follows: Plaintiff was sentenced as a dangerous offender pursuant to ORS 161.725 and ORS 161.735. Declaration of Aaron Felton (#60), p. 2. Plaintiff has had five parole consideration hearings. Id. Plaintiff was denied parole after each of the five hearings and currently dose not have a parole release date. Declaration of Aaron Felton (#62) attachment 1.

Plaintiff's claims in this proceeding arise from his most recent parole consideration hearing, which was conducted on October 19, 2010. Plaintiff filed an administrative appeal with the Parole Board immediately following his parole hearing and that appeal was addressed and denied on its merits. Declaration of Aaron Felton (#62) Att. 4, Att. 5, pp. 2-3. Plaintiff was then notified that he had a right to appeal the administrative decision to the Oregon Court of Appeals. Declaration of Aaron Felton (#62) Att. 5, p. 2; ORS 144.335. Plaintiff did not appeal the administrative decision to the Oregon Court of Appeals.

Plaintiff alleges that his initial hearing violated his due process rights because he received an allegedly misleading Hearing Notice and Notice of Rights Packet. Plaintiff further

2 - ORDER

alleges that the 2009 amendments to ORS 144.228 (Oregon's dangerous offender parole release statute), corresponding amendments to the administrative rules, and a 1996 amendment to Article I, section 15 of the Oregon Constitution violate the *Ex Post Facto* Clause of the United States Constitution.[1]

When a state agency acting in a judicial capacity resolves a factual dispute properly before it wherein both parties received a full and fair opportunity to be heard, federal courts give that ruling the same preclusive effect to which it would be entitled to in that state's courts. *See, eg.,* University of Tennesssee v. Elliot, 478 U.S. 788, 799 (1986); Eilrich v. Remas, 839 F.2d 630, 632 (9th Cir. 1988). The Ninth Circuit has extended this rule by holding not only state administrative factual conclusions, but also legal conclusions, are preclusive when litigants have received a full and fair opportunity to be heard, even when the administrative ruling was not judicially reviewed. Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994).; Kessler v. Bishop, 2011 WL 4635117, *8 (N.D. Cal. Oct. 5, 2011).

For a state administrative hearing to be considered a full and fair opportunity to be heard and have a preclusive

---

[1] The amendments and changes at issue are summarized in Defendants' Memorandum in Support (#61) at pp. 2-5.

3 - ORDER

effect upon federal courts, the hearing must meet the following three requirements: (a) the administrative agency was acting in a judicial capacity; (b) the agency resolved issues properly before it, and © the parties had an adequate opportunity to litigate. Guild Wineries and Distilleries v. Whitehall Co., Ltd., 853 F.2d 755, 758-79 (9th Cir. 1988).

In this case, the Parole Board was acting in a judicial capacity when it ruled on plaintiff's claims. See, U.S. v. Utah Const.& Mining Co., 384 U.S. 394, 421 (1966); Misischia v. Pirie, 60 F.3d 626, 629 (9th Cir. 1995).

The Parole Board has exclusive jurisdiction over parole hearings pursuant to ORS 148.228. Therefore, the due process (inadequate notice) and *ex post facto* application of laws issues were properly before the Board.

Lastly, the record is clear that plaintiff received the due process protections that were required at the Parole Board hearing. Moreover, plaintiff had an opportunity to present his due process and *ex post facto* claims to the Oregon Court of Appeals. See, ORS 144.335(1). The availability of judicial review is the critical component in determining the adequacy of an administrative hearing. See, Takahashi v. Board of Trustees, 783 F.2d 848, 858 (9th Cir. 1996). Therefore, I find that plaintiff had a full and fair opportunity to fully litigate his claims.

4 - ORDER

Because the Parole Board was acting in a judicial capacity when it ruled on plaintiff's claims which were properly before it, and plaintiff received a full and fair opportunity to be heard before the Parole Board, this court must give the Parole Board determinations the same preclusive effect to which they would be entitled to in the Oregon courts. Eilrich, *supra*.

Issue preclusion applies in Oregon when: (1) the issue in two proceedings is identical; (2) the issue being barred was actually litigated and was essential to the final decision in the initial hearing; (3) the party sought to be precluded had a full and fair opportunity to be heard on the issue, (4) the party sought to be precluded was a party or in privity with a party in the prior proceeding; and, (5) the prior proceeding was the type of proceeding that Oregon courts give preclusive effect. Nelson v. Emerald Peoples Utility District, 318 Or. 99, 104 (1993).

The issues plaintiff raises in the present proceeding are identical to two of the claims he raised in his administrative review request to the Parole Board. *See*, Declaration of Aaron Felton (#62) Att. 4, pp. 2-3; Att 5, pp. 2-3.

The issues were fully litigated and essential to the Board's final decision. Specifically, the Board found that plaintiff's federal due process rights had not bee violated

5 - ORDER

because he received inadequate notice on all the required issues and that no laws had been applied to plaintiff that violated his federal protection against *ex post facto* laws. Id. The Board's ruling is final under Oregon law. ORS 144.335; OAR 255-080-0001.

As discussed above, plaintiff was afforded due process protections at the hearing and was afforded the opportunity for judicial review of the Board decision. Therefore, he had a full and fair opportunity to litigate the issues.

Finally, plaintiff, the party sought to be precluded in this proceeding, was the party before the Parole Board. Thus the requirements for issue preclusion are present in this case.

Oregon court's apply the preclusion doctrine to administrative hearings when to do so facilitates a "prompt, orderly, and fair resolution." North Clackamas School Dist. V. White, 305 Or. 48, 52 (1988). "Fairness" is determined by examining whether the parties had sufficient incentive to litigate in the prior proceeding, and whether the prior proceeding was sufficiently formal, trustworthy, and conducted in a quality manner. Nelson, *supra*.

In this case, I find applying preclusion would facilitate a prompt and orderly disposition of plaintiff's claims and would be fair.

In Oregon, claim preclusion prevents parties from re-litigating identical claims multiple times, or from bringing new claims that should have been brought in the previous action. <u>Ram Technical Services, Inc. V Koresko</u>, 240 Or. App. 620, 630 (2011). For claim preclusion to apply, the prior litigation must have been litigated to a point of final judgment, and the party opposing claim preclusion must have had an opportunity to litigate the claims. <u>Drews v EBI Companies</u>, 310 Or 134, 139-40 (1989). This doctrine applies to state administrative judgments in the same manner it applies to state court judgments if the administrative hearing was conducted in such a manner that it would be fair to apply the doctrine. <u>Brackman v. Anderson</u>, 214 Or. App. 660, 667 (2007).

For the reasons set forth above, claim preclusion would bars plaintiff's claims under Oregon law. Therefore, they are also barred from re-litigation in this federal proceeding.

Assuming *arguendo* that plaintiff's claims in this proceeding are not barred by the doctrines of issue preclusion and claim preclusion, I find that they fail on the merits.

The due process requirements required in the context of prole hearings are "minimal." <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862 (2011), Specifically, process is adequate when the prisoner is allowed an opportunity to be heard and provided a

7 - ORDER

statement of reasons why parole was denied. Id., (citing Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1979).

An inmate is constitutionally entitled only to notice sufficient to enable him to adequately prepare for the hearing. Such notice must include the factual basis for the issues to be decided, but not the legal basis. Vanes v. U.S. Parole Commission, 417 F.2d 1197, 1199 - 1200 (1984). Such notice does not need to include "each of the statutory and regulatory provisions that might enter into the [parole] determination." Bowen v. United States Parole Commission, 805 F.2d 885, 887 (9th Cir. 1986); see also, Atkins v. Parker, 472 U.S. 115, 130 (1985).

In this case, the record is clear that plaintiff received constitutionally adequate notice including the date and location of the hearing and a definition of Parole Consideration, which included the factual basis upon which the Parole Board would make its decision regarding plaintiff's dangerous condition. See, Declaration of Aaron Felton (#62) Att 3, p. 2.

Due process does not require that the Notice Packet inform plaintiff that the laws in effect at the time of the hearing would apply at the hearing. The 2009 Amendments to ORS 144.228 became effective on July 1, 2009, more than a year before plaintiff's October 19, 2010 hearing. The Parole Board

adopted OAR Chapter 255, Division 62 on September 29, 2010. Accordingly, both the amended statute and the corresponding administrative rules were in effect at the time of plaintiff's hearing. Plaintiff had no due process right to receive notice of the published law. Plaintiff's Notice Packet advised him that his hearing would be conducted pursuant to ORS 144, and OAR 255, and informed him that they were available in the law library. This notice was more than constitutionally required and did not violate plaintiff's due process rights.

In order to establish an *ex post facto* violation, plaintiff must (1) establish that the change in law was applied retroactively and (2) establish that he was disadvantaged. Weaver v. Graham, 450 U.S. 24, 29 (1981). "A 'speculative' or 'attenuated' risk of prolonging incarceration is insufficient" to establish that a plaintiff has been disadvantaged by an amendment to a parole statute. Gilman v. Schwarzenegger, 638 F.3d 1101, 1106 (9th Cir. 2011); *see also*, Garner v. Jones, 529 U.S. 244, 251 (2000)(plaintiff must demonstrate that the amendment creates a "significant risk" of a longer period of incarceration), and Nulph v. Faatz, 27 F.3d 451, 456 (9th Cir. 1994)(same).

As a preliminary matter, I noted that the most significant change enacted by the 2009 amendments to ORS 144.228 - the shift from the former two-year maximum review

9 - ORDER

interval to the current ten-year maximum review interval - complies with recent Supreme Court and Ninth Circuit precedent. *See*, <u>Cal. Department of Corrections v. Morales</u>, 514 U.S. 499 (1995); <u>Garner v. Jones</u>, *supra*; and <u>Gilman v. Schwarzenegger</u>, *supra*. Those cases are directly on point and dispositive of plaintiff's claims herein.

Plaintiff argues that the application of ORS 144.228 to him violates the *Ex Post Facto* Clause because the 2009 amendments to that statute provide for a minimum of two years between parole consideration hearings. The statute in effect when plaintiff committed his crimes provided for a maximum of two years between parole consideration hearings and permitted dangerous offenders to request more frequent hearings.

To state an *ex post facto* claim, plaintiff must allege that the new law as applied to him have created a significant risk of prolongeing his incarceration. <u>Garner</u>, *supra* at 251. Plaintiff has only alleged that he is at *risk* of being given less frequent parole consideration hearings.

Even if merely decreasing the frequency of parole consideration hearing could create an *ex post facto* violation, the 2009 amendment's imposition of a two-year minimum interval between review hearings dose not, by its own terms, show a significant risk of increasing incarceration. Under the 1985 statute, the Parole Board had discretion to determine whether

10 - ORDER

there was "reasonable cause" to justify granting an interim hearing. Thus, in allowing interim hearing requests every two years, the 2009 amendment does nothing more than limit the number and frequency of *requests* an inmate can make for interim hearings. Accordingly, the change affects only an inmate's "'*opportunity* to take advantage of provisions for early release...'" Morales, 514 U.S. at 506. (Emphasis in original).

Furthermore, under the 1985 administrative rules, the availability of hearings at intervals more frequent than two years was limited. Under OAR 255-38-005(4) (5/13/85), "[a]pplications received more often than every two (2) years will carry a greater burden in establishing that the request is reasonable." Even before the 2009 amendments, dangerous offenders were not granted parole consideration hearings at a date less than two years from the offenders prior hearing. Declaration of Aaron Felton (#62). Thus, if plaintiff has "lost" anything, it is only the highly unlikely possibility that he would be granted an interim hearing at a date sooner than two years from his last hearing. Such a "loss" is the sort of "'speculative' or 'attenuated' risk of prolong[ed] incarceration" that the Court has found "insufficient to establish a violation of the *Ex Post Facto* Clause." Gilman, 638 F.3d at 1106 (*citing* Morales, 514 U.S. 509.

11 - ORDER

Finally, the Parole Board found that plaintiff has "a mental or emotional disturbance, deficiency, condition or disorder predisposing him to the commission of any crime to a degree rendering him a danger to the health and safety of others. Therefore, the condition that made the inmate dangerous is not in remission and he does continue to remain a danger." Declaration of Aaron Felton (#62), Att 2 at p. 2. The Parole Board concluded that "it is not reasonable to expect that [plaintiff] will be granted a release date before ten years from his current projected release date." Id.

In *Morales*, the Supreme Court recognized that a Parole Board finding that it is unreasonable to expect a plaintiff to be successful in a parole consideration hearing weighs in favor of a finding that the deprivation of that hearing did not create a significant risk of prolonging incarceration.

Plaintiff's arguments that the amendment will have "the practical effect" of increasing his punishment are not convincing.

Plaintiff also argues that the administrative rules that implement the statute's 2009 amendments, and the 1996 changes to Article I, section 15 of the Oregon Constitution, altered the standards for determining the status of an inmate's dangerous condition.

The alleged "alterations" to the standards by which an

12 - ORDER

inmate's dangerousness is determined do not by their own terms show a significant risk of increasing incarceration and therefore do not raise cognizable *ex post facto* issues.

Moreover, as explained in The Declaration of Aaron Felton, the factors considered by the Parole Board pre and post-amendment are remarkably similar - to the extent that they are substantively identical.

Even if the amendments to the administrative rules could be characterized as creating a more "onerous" standard used to determine dangerousness, such a change does not as a matter of law violate the *ex post facto* Clause. Prisoners have no basis to expect parole standards to remain constant. <u>Vermouth v. Corrothers</u>, 827 F.2d 599, 602 (9th Cir. 1987); *see also*, <u>Moor v. Palmer</u>, 603 F.3d 658, 664-66 (9th Cir. 2010).

Lastly, the Parole Board found:

> Applying the substantive law in effect at the time of [plaintiff's crimes], including ORS 144.228 (1985) and OAR 255-38-005 (permanent effective 5/31/1995), the Board finds that [plaintiff] has a mental or emotional disturbance, deficiency, condition, or disorder predisposing him to the commission of any crime to a degree rendering him a danger to the health or safety of others. Therefore, the condition that made the inmate dangerous is not in remission and he does continue to remain a danger. *The Board would reach the same result under the current rules."*

Declaration of Aaron Felton (#62), Att. 2 at p. 2.

Thus, any changes to the applicable standards have made no difference in plaintiff's case.

13 - ORDER

I find that plaintiff has failed to demonstrate that the amended statute or administrative rules created a significant risk of prolonging his incarceration and therefore he has failed to establish the *sine qua non* of an *ex post facto* violation.

Based on all of the foregoing, Defendants' Motion for Summary Judgment (#60) is allowed. Plaintiff's Motions for Partial Summary Judgment (#20) and (#37) are denied. The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

IT IS SO ORDERED.

**Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith.**

DATED this 18 day of March, 2013.

_____

Ann Aiken

United States District Judge

14 - ORDER